UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2021
```

WENDY M. CONKLIN,

                    Plaintiff,

         – against –

COMMISSIONER OF SOCIAL SECURITY

                    Defendant.

**OPINION & ORDER**

1:19-cv-11935 (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge**

On September 17, 2020, this case was remanded to the Commissioner of Social Security,

pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further

administrative proceedings.  (ECF No. 23.)  The parties stipulated to Plaintiff's counsel's receipt

of $5,997.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See*

ECF Nos. 29, 36.)  On July 20, 2021, Plaintiff's counsel filed a motion for additional fees and

costs pursuant to 42 U.S.C. § 406(b).[1]  (ECF. Nos. 27-29.)  The Commissioner does not object to

the fee request. (ECF No. 36.)

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter
> who was represented before the court by an attorney, the court may determine and
> allow as part of its judgment a reasonable fee for such representation, not in excess of
> 25 percent of the total of the past-due benefits to which the claimant is entitled by
> reason of such judgment . . .

---

[1] The Commissioner concedes that the motion was timely filed under *Sinkler v. Comm'r of Soc. Sec.,* 932 F.3d 83, 89
(2d Cir. 2019) (holding that 14-day filing period commences upon claimant's receipt of notice of benefits
calculation and that this deadline is subject to equitable tolling by the district courts).  Plaintiff's award of past due
benefits is dated July 6, 2021 and Plaintiff's counsel filed the instant motion on July 20, 2021, within the allotted
timeframe.

42 U.S.C. § 406(b)(1)(A).  Factors relevant to a request for approval are summarized in this

Court's decision in *Blizzard v. Astrue*.  They include: "1) whether the attorney's efforts were

particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by

the attorney demonstrated through pleadings which were not boilerplate and through

arguments which involved both real issues of material fact and required legal research, and

finally, 3) whether the case was handled efficiently due to the attorney's experience in handling

social security cases." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation

omitted).  The law permits counsel to charge fees of up to twenty-five percent of the past due

benefits so long as the fees are reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002).  A

lodestar method, which considers whether the rate charged and time spent were reasonable,

need not be employed if there is no reason to question the terms of the contingency fee

agreement between the lawyer and plaintiff or the character of the representation provided.

*Id*. at 806-08.

       All the factors weigh in favor of the fee request here.  The fee of $26,858.50 is not more

than twenty-five percent of past due benefits and would yield an hourly rate of approximately

$850.00 based on the expenditure of 31.60 hours of attorney time spent on Plaintiff's social

security case.  Plaintiff's attorneys were successful in that they obtained an award of benefits.

Counsel vigorously negotiated a settlement agreement with the Commissioner and handled the

case efficiently and without unnecessary litigation.  Furthermore, the benefits received by the

claimant are not disproportionate in comparison to the amount of time counsel spent on the

case.  *Blizzard*, 496 F. Supp. 2d at 322.  The hourly rate of $850.00 is not "so outside the bounds

of reasonableness as to require a reduction." *Id.* at 325 (approving fee that resulted in a $705

hourly rate); s*ee also Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 U.S. Dist. LEXIS 25554, at *8 (S.D.N.Y. Feb. 12, 2020) (approving de facto hourly rate of $1,506.32 based on 24.4 hours of attorney time and efficient and competent work of counsel, which prompted SSA to offer voluntary remand following filing of motion for judgment on the pleadings); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 U.S. Dist. LEXIS 82180, at *9 (S.D.N.Y. May 15, 2019) (approving uncontested 406(b) attorney fee award of $23,969.88 for 22.2 hours of attorney work as reasonable considering efficiency of counsel and risk of non-payment); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 U.S. Dist. LEXIS 59552, at *5 (E.D.N.Y. Apr. 5, 2019) (approving $37,993.25 for 37.7 hours of work: "Although this amount appears considerable relative to the hours worked, it falls within the range of awards found both 'reasonable' and as not constituting a windfall under § 406(b) by other courts in this Circuit").  The hours worked are also reasonable given the nature of the services provided in Plaintiff's case.

For the reasons set forth above, Plaintiff's counsel's motion for attorneys' fees (ECF No. 27) is GRANTED.  The Social Security Administration should approve and effectuate a payment of $26,858.50 to Plaintiff's counsel.  Upon receipt of that payment, Plaintiff's counsel is hereby directed to promptly refund $5,997.00 to Plaintiff.[2]

**SO ORDERED.**

Dated:    September 22, 2021
          New York, New York

_____
        KATHARINE H. PARKER
    United States Magistrate Judge

---

[2] The Commissioner's letter at ECF No. 36 and Plaintiff's counsel's memorandum of law at ECF No. 29 both state that Plaintiff's counsel received $5,997.00 in EAJA fees.